# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6544 | **DATE** | August 23, 2012 |
| **CASE TITLE** | Shaundell Milton (#2012-0712160) vs. Chicago Police Dept. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this Order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this Order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this Order.

■ **[For further details see text below.]**    **Docketing to mail notices.**

## STATEMENT

  Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Chicago police officers arrested him without a warrant, and that they forced him to walk to their squad car without his crutches even though he had a [presumably recent] gunshot wound to his leg.

  Plaintiff's motion for leave to proceed *in forma pauperis* is granted. As the plaintiff has a zero balance in his inmate trust account and no income in the past six months, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Plaintiff must submit an amended complaint for several reasons. First, he has not named a proper defendant. The only named defendant, the Chicago Police Department, is not itself a suable entity. *See, e.g., Grey v. City of Chicago,* 159 F. Supp. 2d 1086, 1088 (N.D. Ill. 2001). The plaintiff must name as defendants the detectives who allegedly violated his constitutional rights (or, if he does not know their names, an individual who is in a position to identify them, such as Chicago's police chief).

Second, the court does not discern a constitutional claim on the basis of the facts alleged. The plaintiff states only that when the police officers arrived at his apartment, they had no "search warrant." But he does not indicate that the police either burst in or searched his home; rather, the complaint seems to suggest that the officers knocked on his door to question him about the circumstances of his having been shot. Under Illinois law, health care providers are required to notify local law enforcement when a patient has received treatment for an injury resulting from the discharge of a firearm. *See* 20 ILCS § 2630/3.2. It should come as no surprise that police would want to look into a shooting incident. The officers needed only "reasonable suspicion of criminal activity" to justify their questioning him, not probable cause. *See, e.g., Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Finsel v. Cruppenink*, 326 F.3d 903, 907 (7th Cir. 2003); *United States v. Felix-Felix*, 275 F.3d 627, 636 (7th Cir. 2001).

Furthermore, the police did not necessarily need an arrest warrant to take the plaintiff in for a custodial interrogation, so long as there was probable cause for doing so. *Driebel v. City of Milwaukee*, 298 F.3d 622, 639 (7th Cir. 2002). Under *Terry, supra*, probable cause for an arrest can be based on evidence obtained during a brief investigatory detention that is limited in scope and supported by reasonable suspicion that a crime has been, is, or is about to be committed. *See, e.g., United States v. Bullock*, 632 F.3d 1004, 1014-15 (7th Cir. 2011); *Williams v. Edwards*, No. 10 C 1051, 2012 WL 983788, *6 (N.D. Ill. Mar. 22, 2012). In this case, there is no allegation that the police lacked probable cause; to the contrary, the very fact that the plaintiff had been shot would arouse suspicion and raise questions.

Finally, the Court questions whether being forced to walk on a wounded leg rose to the level of a constitutional violation. Certainly, police may not act with deliberate indifference to an arrestee's serious medical needs. *See, e.g., Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007). However, the court questions whether the plaintiff's need for crutches, particularly for a short walk to the car, constituted a medical need serious enough to implicate the Eighth Amendment.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form, assuming he believes that he can articulate a constitutional violation. The amended complaint should name as defendants those individuals who personally and directly violated the plaintiff's constitutional rights (or their supervisor).
**(CONTINUED)**

**STATEMENT (continued)**

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The Clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this Order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.